May it please the court, Brian Boyce on behalf of Segundo Suenos. I beg the court's indulgence, my throat is a little troubling so I'm going to have to not speak with the usual volume I do. This case basically comes down to a question of whether or not we're dealing with one contract or two. It's our position we're dealing with two contracts. The short form agreement, which is the basis of the California State Trial Court and Court of Appeals decisions, and the long form agreement, which is what was presented to the district court in this proceeding. They are fundamentally different documents, although dealing with the same subject matter, that's correct. You say fundamentally different documents. It appears to me, but you can correct me if I'm wrong, that the contractor document submitted to the state court was part of the larger document. It was not a different document, it was just part of the larger document. Is that right? It was attached to the larger document, yes. Page 3 of the larger document. Correct, that's correct, Your Honor. So what happened, if I can say it this way, is an incomplete contract was presented to the first court. Well, that contract, that short form in the music industry is sort of a vestigial practice of having a short form and a long form. The short form is filed publicly with the Copyright Office. The long form is kept hidden away in a lawyer's file somewhere and only comes out if it's necessary. Sounds as though it might have been necessary. It certainly would have been preferable that that would have been introduced. I was the lawyer there at the time. All I can say is fog of war. We were focused on much more contentious issues. The fact of the transfer seemed like a very pedestrian issue because we had essentially people on both sides saying, yes, we did this transfer and it seemed pretty innocuous. But I give credit to the other side. They did a good job of saying, now wait a minute, this short form doesn't include a bunch of elements that we think are necessary. And the Court of Appeal of the State agreed with that. The representatives of the Ohio players took the position that the transfer, if it took place, was not effective. It was not legally effective. Correct. And that's what they won on. Correct. And they based that argument on the deficiencies of the short form agreement. So the basic issue was whether the S&E or the S&R had the right to the royalty. And the court held that the S&R had the right to the royalty because there never was an effective assignment. Based upon that one-page document, not based upon the 11-page document, which we presented to the district court. Yeah, well, you can't hold back evidence in one court and then say, hey, I've got another piece of evidence on a second court. Well, Your Honor, I think holding the gamesmanship that Easter thinks that Californians don't do. It was not gamesmanship, Your Honor. And the fact of the matter is we're not offering additional evidence about that short form document. We're offering a completely different contract that has that as a subset. Now, let me point out the fallacy of proceeding the way that the district court has. If that is the case, what if we executed a contract between these same two entities today? Would that be precluded by collateral estoppel effect? Because in this prior proceeding, the one-page document was ineffective. Does that mean that any document we prepare after that or present to a court after that is ineffective? My problem with your argument is that this is not really a different contract. As I look at it, there was a long-form contract that included the page that you submitted, and you submitted just one page of the contract. It's not a new contract. It's not a new obligation. It's precisely the same obligation. You just didn't submit the entire documentation for the obligation. Well, Your Honor, the one-page document does not include a bunch of immaterial issues or matters. Yeah, I understand. That's exactly the problem. So it is not the same. The one-page document is not the same. There's another way on which you might lose, and, in fact, it's the ground on which the district court held against you, and that was the ability of Mr. Glaus to make the assignment at all. That's, in fact, the basis for the district court's assignment because she was worried that this was not a final judgment within the Meaning California Collateral Estoppel because there was still a cert pending. So how do you respond to that one? Your Honor, again, this goes to the Derouza case in which this court, the Ninth Circuit, stated. Well, let me back up. The trial court in the state court ruled on two grounds. One was that the short form was insufficient. The other was what you're alluding to, that he didn't have authority. That was flawed in many respects, but, nevertheless, it made it into the Superior Court's ruling and judgment. Then when it went up to the Court of Appeal, the California Court of Appeal, the California Court of Appeal upheld the trial court only upon the deficiencies of the short form. It did not address or uphold that decision based upon the lack of authority. According to the Newport Beach Country Club case and the Zevnik case, that because the California Court of Appeal did not address that ground, it cannot be used as collateral estoppel. Now, those two cases distinguish the prior case of Skidmore, which is 146 years old, saying Skidmore only applied to claim preclusion, not issue preclusion. Now, based upon Zevnik and Newport Beach, that holding by the California Superior Court cannot be used as collateral estoppel. Now, the Ninth Circuit, in the DeRusa case... The appellate court could not have affirmed unless there was error in neither ground. So merely that it discussed one ground doesn't necessarily mean that there was disagreement or agreement with the other ground. If the other ground lacked merit, the Court of Appeal could not have affirmed. No, that's not true, Your Honor. So, impliedly, it's saying that both grounds are grounds of affirmance. Your Honor, I respectfully disagree. If the Court of Appeal could have affirmed the ruling on either ground, either ground we lose on if they buy it. The Court of Appeal specifically discussed and approved and confirmed the Superior Court's judgment on the deficiency of the short form, and that was... But both grounds were urged on appeal, and the Court chose to write only on one of the two grounds. But if either ground lacked merit, it couldn't have affirmed. No, because one ground could have lacked merit, but if the other did, then they'd still come to the same conclusion. We had to beat both to win. The trial court in the Superior Court said, you lose, number one, because the contract is insufficient. You lose, number two, because even if the contract is sufficient, Mr. Galaz did not have authority to assign. That's correct. So we had to beat both. And the logic of Zev... But if I go along with you with respect to DeRuza, and say, you know, DeRuza... Either DeRuza got it wrong, or DeRuza got it right, given the state of law at the time, because there was only one case that was repudiating or seeking to distinguish Gidmore. But now we've got two quite well-written, carefully written Court of Appeal decisions, both of them saying DeRuza's wrong. Or at least DeRuza should be limited to issue preclusion, not claim preclusion. That's how I would phrase it. Right. But the two Court of Appeal opinions post-DeRuza say, if we follow them, there's no claim preclusion on the Galaz. Was there proof given to the District Court as to the inability of Mr. Galaz to assign? The reason I ask that is I've read the Bankruptcy Court opinion coming out of Texas, and the Bankruptcy Court says very cleanly, now whether they're right or wrong, I'm not now in a position to say, but the Bankruptcy Court says very cleanly that the agreement for ARF makes it very clear that Mr. Galaz did not have the power himself to do the assignment. So if the merits are as the Bankruptcy Court saw the merits with respect to the assignment by Mr. Galaz, you lose on that. Was evidence on that point presented to the District Court? Your Honor, it was in the pleading stage. So when you say evidence, I mean there were the allegations of the complaint. But within the allegations of the complaint, we did make clear why that conclusion of the Superior Court was flawed, and I put a blankey footnote in my papers before this Court about it. I mean it cited a statute that didn't even exist. The other statutes that were cited, it was just taken lock, stock, and barrel from the defendant's brief, and it made absolutely no sense. I confine myself to the record I've got in this case, and I don't look sideways to what happened in Texas in the Bankruptcy Court. No, this was in this case. I'm referring to a footnote that I put into the papers here. No, I read that footnote. And that argument was also made to the District Court, that this argument or this idea that Mr. Galaz didn't have authority was flawed. And frankly, it's a simple thing. There's a statute that simply says if you're a member of an LLC, you have the power to contract and to buy an entity. Not with respect to all the assets. Not with respect to all the assets. True. And this was substantially all the assets. It was substantially all. I mean whether it was all or substantially all, frankly, we've never had the chance to hash out. But I think the short answer may well be there just wasn't enough in front of the District Court to make up its mind on this point independent of collateral estoppel. Well, I don't know if there – perhaps, yes. I mean the District Court just grabbed collateral estoppel and ran with it, which didn't get into anything else. Yeah, right. Right. Yeah, I got it. And it's collateral estoppel according to the District Court because it reaches not only issues that were actually pled, but that could have been pled. And you could have been putting in the whole agreement. Well, true, but let's remember – Not true. Let's remember that the California law says we're not supposed to apply collateral estoppel mechanistically. And I argue that's what's being done here. Because, yes, the one document had the other document in it. That doesn't make it the same thing. It does suggest that you're playing around with the court. If you have a whole agreement which specifically identifies each song that's assigned and you hold it back, it looks like you're ready to do a fraud. I don't accuse you, but that's the way it looks because then you can argue the assignment covers much more than it actually does. That's why there's a rule specificity so that each song is identified and creditors and others are aware who owns the rights to each particular song. If you hold it back in a court record, trying to get a more abrasive kind of an assignment, you're committing potentially a fraud. Well, Your Honor, that was not what was done. So it's not really mechanistically. There's a very important rationale behind this rule. Well, Your Honor, with all due respect, that was not what happened. It was due to a mistake. And there was no possible advantage to be gained from holding it back, frankly. It was that it didn't make it to the courthouse on a one-day bench trial when things moved super quick and at the end of the day it wasn't in evidence. But look at the Constitution. Let me ask you this, though, and I may need a little help on this one, but my understanding is that this is state court terminology, so I'm not entirely familiar with it. It sounds as though the trial judge, quote, reopened the trial to allow you to submit to longer form, and you never did. Well, reopened the trial on this issue and no... And asked you, okay, so where's the rest of it? And you didn't bring it in. Your Honor... Is that right? That is true. It didn't make it from Texas. It was supposed to, and it just didn't. And believe you me, me, my client, and everyone associated with this heavily regrets that gaffe. So it's not as though spur of the moment, unprepared, I gave him the short form, and then I was just totally cooked. No, you said, I want to give you the long form, but the trial court says, well, okay, give it to me, and then you didn't. Well, yeah, it was a little bit different than that. The trial court said, give us the rest of the short form, so we did, not give us the long form. They were going to allow us to present the attachment to the short form, which we did at that point. They were going to allow you to show that there was specificity as to song. Right, exactly. And you didn't do it. No, we did that, but we didn't present the long form. That was the problem. How come you didn't? Well, maybe... Your Honor... It's too painful to discuss. No, I can tell you. I can tell you. I asked Mr. Galaz, where is the long form? He fumbled around through his things. He said, I can't find it. And I said, well, it seems like the issue here is that the songs weren't attached. Now we've got that. I guess that ought to be enough. And clearly, it wasn't. But these things happen sometimes in trial. Believe me, it was an unfortunate thing, something that we didn't want to do. But at the end of the day, let's look at this. We've got a one-page agreement that's deficient. We've got an 11-page agreement that is not deficient. Are we simply going to ignore that 11-page agreement? I mean, it's just not fair to completely ignore that. It's not justice. It's a judicially fiated pretending that something doesn't exist. And that is applying this mechanistically. And it is committing an injustice. What ought to happen is we ought to go back to district court, lay out all the facts, let them say Raoul Galaz is a thief and a crook and lied and did this. Let them say all that and give us a chance to decide. There's also a matrimonial dispute. And there's also what seems clever to create an assignment to cheat the wife. I mean, you go into the equities, you'll never finish with this. It's like a child trading a shiny penny for an old dime. And you try to go back and straighten it out with your kids, and you find out the 17 trades that went before that. You can't. Trying to get into the equity of this. The difficulty, too, on what theory would we say on this record that we now must go back and have another moment? Because collateral estoppel does not control this ruling. That collateral estoppel does not apply. And the reason it does not apply is, as the Lucido, California case said, collateral estoppel. We have the record where the court said, introduce it. We'll go another day and let you present it. And I gather, through no fault of counsel, maybe some fault of the client, you were not able to make the presentation. That's true. This record doesn't show that you weren't able to make the presentation, except now in argument. Well, okay, fine. Then we lose that case. We lose the state court case. But I don't see why we can't then bring that other contract in. Just as if we had executed the contract between these same parties three months later, would we not be able to bring that in? Why is it we couldn't bring that in? I mean, under this logic, we couldn't bring that in either, because the issues were closed. For all time. I'm not sure this is relevant. But at the time that you were facing the demur in this case, you withdrew, actually, in the face of the demur, a voluntary dismissal, and then you filed here. At the time of the demur in that case, did you have by then the full contract belong for him? You mean, yeah, we did. The one you're now seeking to present to the district court, you then had. Correct. So you basically said, I don't want to play collateral estoppel with the state court. I'd rather play collateral estoppel with the district court. I'm sorry, Your Honor. There were a couple different considerations. It wasn't just that. There was some other consideration, which in the complexity of this, I'm having difficulty remembering what it was. But there was a reason why we wanted to go. No, I do remember now. I do remember now. There was another issue, and that is an issue that we unsuccessfully appealed to the California Supreme Court, which was whether or not the California state judge had the power to make a decision on an affirmative defense based on copyright law, when copyright law is supposed to be the province of the federal courts only. The law is pretty clear on that. They do. Well, it was our thought that they may not. And we had made that argument, and so we said, well, let's not go state court after all.  The trouble is that you made pieces of arguments to several different courts and never made your whole argument. And maybe that's one of the reasons for having a collateral estoppel rule, to require the parties to, when they have an opportunity of full and fair litigation of an issue, to do it and not to hold back, saying, well, maybe next time I'll be more successful. Okay. Well, what happens then if after something like that happens, you make a new contract? Is that foreclosed as well? Because this logic makes that happen. Yeah, but you didn't make a new contract. The same contract. Yeah, but, well, we disagree about that. Same contract. But, okay, what if these parties made a contract today and we sued on it tomorrow? That's not the issue. Well, but. A party can always take back. If you have a contract and you give, you can make another contract with the same parties and take back. So it's not a good issue. It's not a good comparison. Well, I think that this logic would dictate the same thing, because this is saying that no other agreement. Well, I guess, Your Honor, it depends upon, it goes back to whether or not this is one agreement or two. Yeah, that's the issue. Listen, let's hear from the other side. We're taking you over, but we'll give you a chance to respond. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Nathaniel Wood for Mr. Jones. I'll make this brief. I agree with Mr. Boydson's characterization of the issue on appeal, which is, is there one contract or two? Well, any of the points that I was going to make on that, I believe, has already been raised by the Court. So I think that I'll just briefly address the issue of DeRuza and why I don't believe the Court needs to reach that issue. And that is because DeRuza only factored into the District Court's decision because Segundo was arguing that there was not finality in the Satchel and Middlebrooks judgments for purposes of collateral estoppel. Well, that's now been abandoned. They've conceded that there's finality. And so DeRuza, I think, really just— There wasn't finality at the time, but there is now. Yeah, I believe that's right. The Supreme Court denied certain— That's correct. So I believe that this Court does not need to reach the DeRuza issue at all because finality is established. I'd like to hear whether DeRuza, though, because I think we're wrong. Well, Your Honor, obviously I'm not in a position to stop this Court if it wishes to overrule DeRuza. But I would say that given the fact that finality is no longer at issue, even if DeRuza is overruled, what do we end up with? We end up still with finality because that first grounds on which the trial court judge issued the judgment, which is that the Copyright Act requirements were not met by this so-called short-form assignment, that is now final. And so the finality piece is taken care of. So now we're just talking about identity of issues, which is one contract or two contracts. I think the record is very, very clear. I think the district court got it exactly right. This was one contract, just different pieces of evidence trying to prove up one assignment. And, you know, I'm certainly not going to stand here and accuse Mr. Boydson of playing games in the trial court. But the fact of the matter is, whether it was gamesmanship or just a pure mistake, California law is very clear. The defense is beyond his control. Whatever it might be. He was given a full and fair opportunity to litigate this issue on the merits. And for whatever reason, the fact that that evidence didn't come in, it could have come in, but it didn't. And so the California Court of Appeal decisions, I think, are very clear that a failure of proof is sufficient to base collateral estoppel. So, you know, I think motivation really just doesn't play into this at all. And then I guess one last piece going to fairness is he pleads fairness for his client. Well, there's fairness for my client as well, which is essentially what would happen here is if appellant's argument was accepted, then he would have a trial court judgment that's affirmed and no lawsuit against Mr. Satchel and Mr. Middlebrooks. And then there would be a case against Mr. Jones that we would not have been, that really the only reason it's moving forward was because he sued Mr. Jones later than he sued Mr. Satchel and Mr. Middlebrooks. Discrimination against the best player, the base player. There you go. That's right. That's right. The base player never gets credit. So, you know, with that. So what's new about that? That's right. That's right. So, Your Honor, I think, you know, again, returning to my original point, one contract or two contracts. Mr. Jones got a lot of credit. The issue is just one contract or two contracts. And it's clear that the panel has fully read our papers on that issue. And so we believe that the district court should be affirmed in all respects. Thank you. Thank you. Thank you. Very briefly, I think it's important to remember that the law favors and justice favors resolving things on the merits. It's very tempting to dispose of cases by statute of limitations, collateral estoppel, anything else that jumps to the quick and ignores the facts. There's an 11-page document here. You mean on the part of counsel or on the part of courts? Either one. I mean, either one. Obviously, counsel advocated and judges may do it. I think you wouldn't be arguing if we didn't think we ought to at least consider this case. Oh, no. That's not what I meant. What I meant is just that it must be remembered that we want to try and resolve cases on the merits, not on things like collateral estoppel and statute of limitations, if it can be avoided and not committed injustice. And here, yes, the one document was a part of the other document, but that does not make them the same. It's like saying that the Bill of Rights and the Constitution are – that the Constitution is the same document as the Bill of Rights. No, the Bill of Rights is a subset of the Constitution. The Constitution includes so much more, though. Nothing further unless there are questions. Thank you. Thank both sides for your arguments. Segundo Suenos v. Jones sitting for decision. The next case and last case on the panel this morning, Henry Jacobson.
judges: Hellerstein, Farris, Fletcher